No. 89-401

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

MICHAEL BIRRER,

        Petitioner and Appellant,

   -vs-

TRUSTEES, WHEATLAND COUNTY SCHOOL DISTRICT
NO. 15, and NANCY KEENAN, Superintendent of
Public Instruction,

        Respondents and Respondents.

APPEAL FROM:  District Court of the First Judicial District,
               In and for the County of Lewis & Clark,
               The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Emilie Loring; Hilley & Loring, Missoula, Montana

    For Respondent:

        Chadwick Smith; Smith Law Firm, Helena, Montana
        Beda J. Lovitt, Office of Public Instruction, Helena,
        Montana

Submitted on Briefs:  Nov. 21, 1989

Decided:   February 6, 1990

Filed:

Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

In this case, we affirm the termination of a tenured teacher by the Wheatland County School District No. 16, not on the grounds of "substantial compliance" with the applicable termination statute, but upon the grounds that there was an unrefuted necessity for a reduction in force by the School District and because the procedure used by the Board in termination did not offend the purposes of the termination procedure statute (§ 20-4-204, MCA).

Accordingly, we affirm the decision of the District Court, First Judicial District, Lewis and Clark County, which in turn affirmed the decision of the State Superintendent of Public Instruction, the Wheatland County Superintendent of Schools and the School District.

Michael Birrer was a tenured music teacher employed in the Wheatland County High School at Harlowton. On March 9, 1987, the school trustees accepted the written recommendation of Harlowton Superintendent Gary Scott that the teaching positions held by Birrer and one other teacher be eliminated because of over-staffing at the secondary level and lack of available funding. This recommendation required that the contracts of the two teachers not be renewed for the 1987-1988 school year. On March 9, 1987, the trustees accepted the recommendation of the Superintendent. On March 10, 1987, the Board, through its chairman, notified Birrer in writing that the Board had voted not to renew his contract. A hearing on Birrer's termination was set for a special meeting of the Board on March 30, 1987. Birrer appeared at the special meeting but did not offer any evidence or testimony refuting the necessity for the reduction in force. The Board decided to let the decision of termination "stand" and on April 1, 1987, the chairman wrote Birrer a letter that the Board "did reaffirm by unanimous

2

vote their decision made at the regular March 9, 1987 meeting not to renew your teaching contract."

Birrer appealed to the Wheatland Superintendent of Schools who affirmed the termination, as did the Superintendent of Public Instruction on further appeal. Birrer then appealed to the District Court which affirmed the termination and this appeal followed.

The acceptance by the trustees on March 9, 1987, of the recommendation for a reduction in force and to terminate Birrer, a tenured teacher, before notifying the teacher of the recommendation and giving the teacher a hearing thereon, clearly violated § 20-4-204, MCA. That statute provides:

> 20-4-204. Termination of tenured teacher services.
>
> . . .
>
> (2) Whenever the trustees of a district receive a recommendation for termination, the trustees shall, before May 1 of the current school fiscal year, notify the teacher of the recommendation for termination and of the teacher's right to a hearing on the recommendation.
>
> . . .
>
> (4) The trustees shall:
>
> . . .
>
> (b) resolve at the conclusion of the hearing to terminate the teacher or to reject the recommendation for termination.
>
> . . .

The statute comprehends that the Board of Trustees not make a decision respecting a recommendation for the termination of a tenured teacher until after a hearing. In this case, the trustees accepted a recommendation before the hearing was granted, and reaffirmed the decision after the hearing.

The language of § 20-4-204, MCA, foregoing, is the result of an amendment to this statute in 1985 (Ch. 56, Laws of Montana (1985)). Until 1985, the trustees were empowered to act on a

3

termination recommendation, and then notify the teacher of the termination and of the right to a hearing. The 1985 amendment was an attempt to correct what had been perceived as an unfair procedure for terminating tenured teachers. The purpose of the amendment was to prevent pre-formed opinions by the trustees against which the efforts of a teacher to overturn at a subsequent hearing would be ineffectual.

Birrer maintains in this appeal that the clear violation of the procedural statute entitles him to reinstatement and that the District Court erred in holding that "substantial compliance with the relevant statute" was sufficient for a valid termination. The trustees, on the other hand, claim that Birrer was afforded due process in this case and that technical irregularities in the procedure of termination do not affect the legality of his termination.

The trustees rely on language contained in the decision of this Court in Montana Power Co. v. Fondren (1987), 226 Mont. 500, 511, 737 P.2d 1138, 1145, that due process requires only notice and hearing "at a meaningful time and in a meaningful manner." That language is not applicable here, however, because in the termination of a tenured teacher, the legislature has specified the procedures to be taken. Section 20-4-204, MCA, in itself defines due process for the termination of a tenured teacher.

We must also reject the argument of the school trustees that the procedure followed in the termination of Birrer was merely a "technical" irregularity, not affecting due process. The "technicality" here goes to the very heart of the 1985 amendment by the legislature. It is obviously the public policy adopted by the legislature to protect tenured teachers from unjustified terminations by requiring that school trustees keep an open mind relating to the suggested termination until both sides have an opportunity to be heard.

Notwithstanding the foregoing, however, we affirm the termination of Birrer because of the obvious rectitude of the trustee's decision. This is not a case where the teacher was

4

terminated for some personal reason. He was not accused in any way of incompetence, immorality, unfitness or violation of Board policy. He faced no bias or unfair attitude. He was personally liked. What Birrer faced at the March 30 special meeting was the undeniable and overwhelming state of the school finances and the requirement that two teachers be eliminated in order to meet budgetary constraints. The trustees may have had a pre-formed opinion on March 9, 1987, when they accepted the recommendation of the School Superintendent. That conclusion, however, was not singly the result of the Superintendent's recommendation; the trustees, in the very performance of their duties as trustees, were surely aware of the financial situation, and were as much forced to a reduction in force by that knowledge as by the recommendation of the Superintendent.

We find, therefore, under the peculiar facts of this case, that the purposes of the procedural statute, § 20-4-204, MCA, to protect the tenured teacher from pre-formed opinions or ex parte presentations to the school trustees were not contravened here. Birrer was terminated not because of lack of due process, but by the inevitable force of financial events over which neither the School District nor Birrer had any real control. For those reasons, we affirm the District Court, but we do not hereby condone the failure of the trustees to follow the procedures of § 20-4-204, MCA. Costs on appeal to Birrer.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5